COWART, Judge.
This case involves a dispute as to an interpretation of the following two sentences of a contract:
For purposes of this agreement, the term “net profits derived from sales of suntan lotion products” shall mean the gross sales price of all such suntan lotion products sold, less the cost of such products sold. The cost of the products sold shall include the cost of materials, the cost of direct labor, and overhead, administrative, and selling expenses attributable to the products.
The trial court found the contract to be ambiguous and submitted the interpretation to the jury. In effect the jury interpreted “the cost of the products sold” to relate only to “the cost of material, the cost *410 of direct labor, and overhead, administration, and selling expenses” at and to appellant’s branch production facility in Hawaii.
From an examination of the total contract itself, we find the contract not to be legally ambiguous and the issues should not have been submitted to the jury. Instead, the contract should have been interpreted as a matter of law. We further interpret the phrase “the cost of products sold” as relating not only to costs at appellant’s branch production facility in Hawaii but also to those costs at appellant’s home facility in Florida that are fairly “attributable to the products” manufactured at appellant’s branch in Hawaii. The cost of providing the manager of the Hawaiian branch with working facilities and employees as set forth in paragraph VI of the contract are also part of the cost of products manufactured at that branch and part of “the cost of products sold.” This interpretation renders moot other issues presented on this appeal.
The judgment below is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.